■ JOHN McPHILLIPS, as Administrator of the Estate of JEAN McPHILLIPS, Deceased, Respondent-Appellant, v WILLIAM HERZIG, Appellant-Respondent.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), rendered April 11, 1990, which, upon a jury verdict, found in favor of plaintiff in the amount of $168,804.62, including interest, costs and disbursements, is unanimously reversed, on the law and facts, without

costs or disbursements and the matter remanded for a new trial with respect to all issues.

Plaintiff commenced this medical malpractice action alleging that decedent's injury resulted from defendant's negligence in failing, *inter alia,* to conduct a proper pelvic examination. The decedent exhibited symptoms of severe abdominal pain, nausea and vomiting which defendant diagnosed as pelvic inflammatory disease (PID). Defendant prescribed an antibiotic. Upon experiencing continuing pain, decedent was admitted to a hospital six days later where she underwent emergency surgery for diverticulitis of the sigmoid colon which had perforated and caused peritonitis. Consequently, decedent had a colostomy. Although the colostomy could have been closed within three months, decedent continued using the colostomy bag until her death in July 1984 from an unrelated illness.

At the first trial, the jury's award of damages in the sum $50,000 was set aside by the court, pursuant to plaintiff's post-trial motion, on the ground of inadequacy. The court directed a new trial as to damages only.

However, the trial court, had improperly refused to charge mitigation to the first jury. Further, the special verdict rendered by the first jury was inconsistent, finding both that defendant was negligent in failing to do a pelvic examination and then responding "no" to the question; "Was defendant negligent in failing to make a correct diagnosis and institute appropriate treatment on April 22, 1980?"

During the course of the second trial, although the court properly charged the jury to consider whether there was any negligence on the part of decedent subsequent to the onset of the medical malpractice, it improperly told the second jury that the diagnosis and treatment were found to be negligent and at the same time improperly prevented the defendant from litigating causation and damages. We therefore reverse and direct a new trial *in toto* as to liability and damages. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.